UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE JOHNSON O/B/O
T.C.M.J., a minor,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 18-10927
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [17], GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [15], AND DENYING JOHNSON'S MOTION FOR SUMMARY JUDGMENT [11]**

Antoinette Johnson applied for supplemental security income childhood disability benefits on behalf of her infant child, T.C.M.J., claiming exposure affecting fetus, adaptive physical development, and premature birth. After the claim was denied, Johnson appeared at a hearing before an Administrative Law Judge (ALJ) in March 2017. The ALJ issued an unfavorable decision several months later. The Appeals Council denied her request for a review of the decision. In March 2018, Johnson filed the present action. The Court referred all pretrial proceedings to Magistrate Judge Stephanie Dawkins Davis who issued a Report and Recommendation to grant the Commissioner's motion for summary judgment and to deny Johnson's. Johnson raises three objections to the Report.

For the reasons that follow, the Court will overrule Johnson's objections and adopt the Report.

**I.**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." (citations and quotations omitted)).

**II.**

Disability benefits for children involve a different process than benefits for adults.

A child will be considered disabled if she has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (ECF No. 7-2, PageID.49.)

A child can also be considered disabled if her impairment functionally equals one of the listed impairments. 20 C.F.R. § 416.926a(a). To make this determination, the Social Security Administration will assess the child's functional limitations in six domains. 20 C.F.R. § 416.926a(b)(1). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairment will functionally equal a listed impairment. 20 C.F.R. § 416.926a(d).

Here, the ALJ found that T.C.M.J. does not have a listed impairment. (ECF No. 7-2.) The ALJ also found that T.C.M.J. does she have a functionally equivalent impairment because she concluded that T.C.M.J. has less than marked limitations in three of the domains and no limitations in three of the domains. (*Id.*) Before the Magistrate Judge, Johnson argued that the ALJ erred in finding less than marked limitations in these three domains. (ECF No. 11.) But, the Magistrate Judge found that substantial evidence supported the ALJ's determination. (ECF No. 7-2.)

Johnson now objects to these findings.

**A.**

Johnson first asserts that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's determination that T.C.M.J. has a less than marked limitation in acquiring and using information.

The domain of acquiring and using information "involves how well children perceive, think about, remember, and use information in all settings, which include daily activity at home, at

3

school, and in the community." (ECF No. 7-2, PageID.51 (citing 20 C.F.R. § 416.926a(g) and SSR 09-3p).)

In finding that T.C.M.J. had a less than marked limitation in this domain, the ALJ pointed to several different sources, including pediatrician notes that T.C.M.J. was "imitating razzing noise, vocalizing with vowel sounds and single consonant babbling, gesturing to indicate wants, and turned towards sounds" and did not otherwise report any concerns about the child's functioning in this area; information in an 18-month Ages & Stages Questionnaire (ASQ) from River Rouge Heard Start Program regarding T.C.M.J.'s ability to use crayons, tools, shake Cheerios out of a bottle; and information from another developmental profile filled out by a teacher reporting her ability to explore objects using different senses, examine objects, perform actions on objects, and explore technology devices. (ECF No. 7-2, PageID.52.)

Johnson argues that substantial evidence indicates that T.C.M.J. has a marked limitation in acquiring and using information. (ECF No. 18, PageID.493–495.) She points to T.C.M.J.'s "uncoordinated gait and unequal lengths of her legs" and her ability to only say "ma" and "da." (ECF No. 18, PageID.194–494.) But pointing to evidence that supports her conclusion does not render the ALJ's decision unsupported by substantial evidence. Indeed, Johnson herself states that the ALJ's decision is "not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). And as the Magistrate Judge rightly explained, pointing to two pieces of contrary evidence does not render the ALJ's otherwise well-supported determination unsupported by substantial evidence. *See id*; *Longworth*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." (internal quotations omitted)).

This objection is overruled.

**B.**

Johnson's second objection is that the ALJ cherry picked portions of the record. Johnson says the ALJ only relied on evidence that supported her conclusion that T.C.M.J. has a less-than-marked limitation in attending and completing tasks. Then the Magistrate Judge erred in finding that substantial evidence supported the ALJ's determination.

The attending and completing tasks domain involves "how well a child is able to focus and maintain attention, and how well she is able to begin, carry through, and finish activities, including the mental pace at which she performs activities and the ease of changing activities." (ECF No. 7‑2, PageID.52.) It also includes "a child's ability to avoid impulsive thinking and her ability to prioritize competing tasks and manage her time." (*Id.* (citing 20 CFR § 416.926a(h); SSR 09-4p).)

"It is generally recognized that an ALJ may not cherry-pick facts to support a finding of [non-impaired] while ignoring evidence that points to a [contrary] finding." *Hairston v. Comm'r of Soc. Sec.*, No. 14-13218, 2015 WL 4633935, at *14 (E.D. Mich. Aug. 3, 2015). Johnson argues that the ALJ ignored evidence indicating that T.C.M.J. cannot stack blocks or imitate her teacher. (EF No. 18, PageID.496.) But "the fact that the ALJ's opinion failed to discuss all of the testimony and evidence presented to [her] does not mean that the ALJ 'failed to consider' the evidence." *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (quoting *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13, 26 (1st Cir. 1999)). Indeed, the ALJ noted contrary evidence in her opinion, including explicitly mentioning that T.C.M.J. did not copy the teacher. (EF No. 7-2, PageID.53.) Despite this indication, the ALJ concluded that T.C.M.J. did not have a marked limitation in attending or completing tasks because the record indicated that T.C.M.J. could drop small toys into a larger container, use a stick to retrieve an out-of-reach toy, scribble

5

with a crayon, dump Cheerios out of a small bottle, and stand on a box to reach something. (ECF No. 7-2, PageID.53.) Further, the ALJ recognized that T.C.M.J.'s pediatrician did not note any concerns about the child's functioning in this domain. (*Id*.) So, again, although there is evidence that could support a different conclusion, this does not render the ALJ's determination unsupported by substantial evidence. *See Longworth*, 402 F.3d at 595.

This objection is overruled.

## C.

Lastly, Johnson argues that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's determination the T.C.M.J. has a less than marked limitation in interacting and relating to others because there is evidence to the contrary.

This domain "considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." (ECF No. 7-2, PageID.53.) It also "considers the speech and language skills children need to speak intelligibly and to understand and use the language of their community." (*Id*. (citing 20 C.F.R. § 416.92a(i) and SSR 09-5p).)

Like with her two other objections, Johnson highlights portions of the record that indicate that T.C.M.J.'s speech and language was behind those of her peers. (ECF No. 18, PageID.497.) This includes information from T.C.M.J.'s teachers that she needs "interventions" to keep her on track and requires special activities to improve her skills. (*Id*.) Johnson concludes, "[c]learly, where a child requires repeated interventions over the course of each day to keep up with her classmates, the ALJ has not properly considered the extent of her limitations." (*Id*.)

But the ALJ did consider the evidence that T.C.M.J. has speech delays. She explicitly mentions the ASQ that notes that T.C.M.J.'s scores are low enough to require "activities to improve [her] skills in this area." (ECF No. 7-2, PageID.54.) And she notes that the recent questionnaire reported that T.C.M.J. could not say eight or more words in addition to "mama" and "dada," could not initiate two-word sentences, correctly name objects pointed to in pictures or string together two or three words with different meanings. (*Id.*) Nonetheless, the ALJ found that T.C.M.J. had a less than marked limitation in this domain because her pediatrician reported that she responded to her mother's affect, responded to smile, sought interaction with others, laughed and smiled with relatives, sought interaction with others, enjoyed peek-a-boo, waved bye-bye, imitated play, spoke 15-20 words, has no hearing or speech impediment; and the record supported a finding that T.C.M.J. has natural and positive relationships with her family, teachers, toys, and is able to communicate in ways other than verbal speech, such as pointing to objects. (*Id.*) So, while there is concerning evidence that T.C.M.J.'s speech and language is delayed, the ALJ weighed the evidence and concluded T.C.M.J.'s abilities in this domain are not markedly limited. And "[t]he Sixth Circuit has consistently upheld the discretion vested in ALJs to weigh conflicting record evidence in assessing disability status." *Holder v. Comm'r of Soc. Sec.*, No. 1:17-CV-00186-SKL, 2018 WL 4101507, at *8 (E.D. Tenn. Aug. 28, 2018) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009)).

This objection is also overruled.

### III.

For the reasons stated, the Court OVERRULES Johnson's objections (ECF No. 18) and ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 17), GRANTS the

Commissioner's motion for summary judgment (ECF No. 15) and DENIES Johnson's motion for summary judgment (ECF No. 11).

IT IS SO ORDERED.

                                                        s/Laurie J. Michelson
                                                        LAURIE J. MICHELSON
                                                        UNITED STATES DISTRICT JUDGE

Date: March 28, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 28, 2019, using the Electronic Court Filing system.

                                                        s/William Barkholz
                                                        Case Manager